# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BURGOS,** | : |
| Plaintiff, | : **CIVIL ACTION**<br>: No. 13-4894 |
| v. | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| Defendants | : |

## ORDER

AND NOW, this _____ day of _____, 2019, upon consideration of the Defendants the City of Philadelphia, Louis Giorla, John Delaney, and Michele Farrell's Motion for Summary Judgment, it is **HEREBY ORDERED** that the motion for summary judgment is **GRANTED** and that all of Plaintiff's claims as to Defendants the City of Philadelphia, Louis Giorla, John Delaney, and Michele Farrell are **DISMISSED** with prejudice.

                                            **BY THE COURT:**

                                            _____

                                            **CYNTHIA M. RUFE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BURGOS,** : | |
| : | **CIVIL ACTION** |
| Plaintiff, : | No. 13-4894 |
| : | |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA, et al.,** : | |
| : | |
| Defendants : | |

**DEFENDANTS THE CITY OF PHILADELPHIA, LOUIS GIORLA, JOHN DELANEY, AND MICHELE FARRELL'S MOTION FOR SUMMARY JUDGMENT**

Defendants the City of Philadelphia, Louis Giorla, John Delaney, and Michele Farrell ("City Defendants"), by and through the undersigned counsel, move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Honorable Court's Policies and Procedures.

**I.    ISSUES AND SUBISSUES**

1. Plaintiff has failed to establish a constitutional violation under either the First or Fourteenth Amendment.

  a. The Fourteenth Amendment prohibits conditions of confinement that amount to punishment. Bell v. Wolfish, 441 U.S. 520, 534–35 (1979). That Plaintiff was triple-celled, alone, is insufficient to establish a constitutional violation. Plaintiff has adduced no record evidence to support that the conditions of his confinement was not rationally related to addressing a high prison population.

  b. To establish a First Amendment Retaliation claim, a plaintiff must demonstrate (1) the he engaged in protected activity, (2) that the defendant responded with retaliation, and (3) that the protected activity was the cause of

the retaliation. Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003). Plaintiff has adduced no record evidence to support his allegation that Defendants responded with retaliation causally linked to his grievances.

2. Plaintiff has failed to establish sufficient personal involvement of the individual City Defendants in the alleged wrongdoing that forms the basis of any of his claims.

   a. A plaintiff must establish the personal involvement of a defendant in a § 1983 suit. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Plaintiff has been unable to adduce evidence beyond mere speculation that Defendants Commissioner Giorla, Warden Delaney, or Warden Farrell, were personally involved in any of the alleged wrongdoing that is the basis for Plaintiff's Fourteenth Amendment and First Amendment claims.

   b. To prove conversion, a plaintiff must show that the defendant intentionally exercised control over the chattel in question and deprived the plaintiff of his use or possession of it. E.g., Kennedy v. Consol Energy Inc., 116 A.3d 626, 637 (Pa. Super. 2015). In addition, a government official is immune from intentional torts unless a plaintiff can show the government official acted with actual fraud, actual malice, or willful misconduct. See 42 Pa. Cons. Stat. §§ 8541, 8545, 8550. Plaintiff has introduced no evidence that Defendant Warden Delaney (nor any other defendant) acted, much less acted with the requisite intent, sufficient to maintain a conversion claim.

3. Plaintiff has failed to exhaust his administrative procedures as required by the Prison Litigation Reform Act (PLRA) to maintain his Fourteenth Amendment or First Amendment claims. A prisoner bringing a § 1983 suit must exhaust "such administrative

remedies as are available." 42 U.S.C. § 1997e(a); see Lock v. Nash, 150 F. App'x 157, 159 (3d Cir. 2004). The inmate must follow the procedural requirements of the prison grievance system, including by availing himself of all appeal opportunities. See id. Plaintiff has failed to introduce evidence into the record that he exhausted the administrative requirement, specifically because:

    a. there is no support in the record that Plaintiff appealed any grievance, as was available to him pursuant to Philadelphia Prison System (PPS) Policy 3.F.10;

    b. Plaintiff's purported grievances are not limited to one issue, as required by PPS Policy 3.F.10;

    c. Plaintiff's purported grievances seek monetary compensation which the prison is not authorized to provide;

    d. Plaintiff's purported grievances do not address his alleged back, neck, or wrist injuries, or their alleged causes; and

    e. Plaintiff's purported grievances do not allege inadequate medical care.

4. Plaintiff cannot recover compensatory damages pursuant to § 1997e(e) of the PLRA for his Fourteenth Amendment or First Amendment claims because he has failed to introduce record evidence that he suffered more than *de minimis* injuries. "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." § 1997e(e). Under the PLRA, an inmate must show more than a *de minimis* physical injury. Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Plaintiff has introduced no record evidence to sufficiently support his alleged injuries, much less that these alleged injuries were more than *de minimis*.

5. Plaintiff cannot recover against Defendant the City of Philadelphia because he has not adduced sufficient record evidence of an unconstitutional policy or custom that was the

3

moving force behind his alleged harms. A municipality can be held liable if its employees acted pursuant to a government policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). The City of Philadelphia's triple-celling cannot, alone, form the basis of an unconstitutional policy or custom. Plaintiff has adduced no record evidence to demonstrate policies or customs that caused the alleged harms he premises his First Amendment or Fourteenth Amendment claims on, much less that any policy or custom was the moving force of these harms.

6. Plaintiff's conversion claim is barred by high official immunity. High official immunity insulates high-ranking public officials from acts taken in the course of their official duties. Feldman v. Hoffman, 107 A.3d 821, 826 (Pa. Commw. 2014). Because Defendant Warden Delaney (like the other defendants) is a high-ranking public official he is absolutely immune from a conversion tort arising from his official duties.

## II. ABSENCE OF LEGALLY SUFFICIENT EVIDENTIARY BASIS

Pursuant to Federal Rule of Civil Procedure 11, the undersigned counsel affirms that there is no legally sufficient evidentiary basis to support Plaintiff's claims against the Defendants with respect to the issues set forth above.

## III. STATEMENT OF STIPULATED MATERIAL FACTS

A Statement of Stipulated Material Facts is attached hereto.

## IV. RELIEF REQUESTED

For the foregoing reasons, the City Defendants respectfully request this Court grant their motion for summary judgment and enter judgment in favor of the City Defendants.

Date:  April 1, 2019                                          Respectfully submitted,

                                                            /s/ Andrew F. Pomager
                                                           Andrew F. Pomager
                                                           Assistant City Solicitor
                                                           Pa. Attorney ID No. 324618
                                                           City of Philadelphia Law Department
                                                           1515 Arch Street, 14th Floor
                                                           Philadelphia, PA 19102
                                                           215-683-5446 (phone)
                                                           215-683-5397 (fax)
                                                           andrew.pomager@phila.gov

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID BURGOS,** | : |
| Plaintiff, | : **CIVIL ACTION**<br>: No. 13-4894 |
| v. | : |
| **CITY OF PHILADELPHIA, et al.,** | : |
| Defendants | : |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below the Defendants the City of Philadelphia, Louis Giorla, John Delaney, and Michele Farrell's Motion for Summary Judgment was filed via the Court's electronic filing system and is available for downloading.

Date: April 1, 2019

Respectfully submitted,

/s/ Andrew F. Pomager
Andrew F. Pomager
Assistant City Solicitor
Pa. Attorney ID No. 324618
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446 (phone)
215-683-5397 (fax)
andrew.pomager@phila.gov